IN THE UNITED STATES BANKRUPTCY COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Chapter 7 |
| | ) | |
| ANNIE WIMS, | ) | 05 B 36399 |
| | ) | |
| Debtor. | ) | |

### FIRST AND FINAL APPLICATION OF COHEN & KROL FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

TO THE HONORABLE JACQUELINE P. COX
   BANKRUPTCY JUDGE

GINA B. KROL, counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this application for compensation and reimbursement of expenses and represents to the Court as follows:

1. An order for relief under Chapter 7 was entered on September 9, 2005. On January 19, 2006, an order was entered approving the employment of Counsel for the Trustee. Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

2. Applicant requests $5,638.50, in compensation for 16.35 hours of services performed for the period January 11, 2006 through present and reimbursement of actual expenses in the amount of $40.92.

3. A description of the nature of the services rendered by the Applicant is as follows:

### COMPENSATION

At the request of the Trustee, Cohen & Krol reviewed the time expended by Trustee's real estate agent in marketing the Debtor's property. Because said agent had expended considerable time in this case, even though he did not sell the property, the Trustee sought authority to compensate the agent. Cohen & Krol prepared and presented the Trustee's application for authority to compensate the real estate agent. Cohen & Krol expended 3.30 hours in the activity of Compensation.

**PROFESSIONAL EMPLOYMENT**

Cohen & Krol prepared and presented the Trustee's application to employ Dan Hyman, a real estate broker, to market and sell the Debtor's real property. The property contained equity which, upon liquidation, would result in assets in the estate. Cohen & Krol also employed Trustee's accountant to prepare estate income tax returns and other financial documents. Additionally, Cohen & Krol prepared and presented the Trustee's application to employ legal counsel to represent him in the above-referenced litigation. Cohen & Krol expended 2.90 in the activity of Professional Employment.

**SALE OF ASSETS**

The Trustee identified the Debtor's real property as containing sufficient equity for liquidation Cohen & Krol obtained a court order compelling the Debtor to allow the Trustee's agents access to the real property as she had initially been uncooperative. Soon thereafter, Debtor obtained new counsel. Through her new attorneys, the Debtor sought to purchase the Trustee's right, title and interest in the property rather than risking losing same at a sale. Cohen & Krol assisted the Trustee in the negotiation of that transaction, prepared and presented the Trustee's motion for authority to sell the right, title and interest and obtained the required court approval authorizing same. Cohen & Krol expended 9.65 hours in the activity of sale of assets.

**SCHEDULES/PETITION**

Upon retention of new counsel, Debtor amended her schedules and statement of financial affairs. Cohen & Krol reviewed same on behalf of the Trustee to determine their propriety. Cohen & Krol expended .40 hours in the activity of Schedules/Petition.

**STATUS OF ESTATE**

Cohen & Krol communicated with the Trustee regarding the status of this Estate. Cohen & Krol expended .10 hours in the activity of Status of Estate.

4.  Attached as Exhibit "A" is an itemized statement of the legal services rendered. The statement reflects the legal services rendered, the time expended and a description of the work performed.

5.  The time expended and services rendered by Applicant is summarized as follows:

| ATTORNEY | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| LINDA M. KUJACA/LMK 2006 | 1.40 | $ 290.00 | $ 406.00 |
| GINA B. KROL/GBK2006 | 14.95 | $350.00 | $5,232.50 |

6.   Attached as Exhibit "B" is an itemized statement of the actual expenses incurred by the Applicant.

7.   Based on the nature, extent and value of services performed by the Applicant, the results achieved, and the costs of comparable services, the compensation and reimbursement of expenses sought are fair and reasonable.

8.   At all times during Applicant's representation of the Trustee, Applicant was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which Applicant was employed.

WHEREFORE, Applicant requests that it be awarded reasonable compensation of $5,638.50 and reimbursement of actual and necessary expenses of $40.92 for legal services rendered in this case.

RESPECTFULLY SUBMITTED,

Date: September 4, 2009         /s/ Gina B. Krol

COHEN & KROL
105 W. Madison St., Ste. 1100
Chicago, IL 60602
312/368-0300